Jerry W. VOLKMAN, et al., Plaintiffs,

v.

UNITED TRANSPORTATION UNION,
et al., Defendants.

Civil Action No. 83–6025–FGT.

United States District Court,
D. Kansas.

March 19, 1997.

See also: 1991 WL 326564.

Lee H. Woodard, Woodard, Blaylock, Hernandez, Roth & Day, Wichita, KS, David H.M. Gray, Gragert, Hiebert & Gray, Wichita, KS, Ron D. Beal, Klenda, Mitchell, Austerman & Zuercher, Wichita, KS, for Jerry W. Volkman, Lyle W. Wade, Paul D. Cohan.

Lee H. Woodard, Woodard, Blaylock, Hernandez, Roth & Day, Wichita, KS, David H.M. Gray, Gragert, Hiebert & Gray, Wichita, KS, Ron D. Beal, Klenda, Mitchell, Austerman & Zuercher, Wichita, KS, Bruce H. Stoltze, Brick, Seckington, Bowers, Swartz & Gentry, Des Moines, IA, for Paul W. Will, Lyle W. Wade, Leroy G. Wells, Dennis P. Swiantek, William E. Donahue, Lonnie L. Schneider.

Pamela D. Walker, Little Rock, AR, Norton N. Newborn, Norton N. Newborn Co., L.P.A., Cleveland, OH, Randall H. Elam, Wichita, KS, for United Transp. Union.

Pamela D. Walker, Little Rock, AR, Randall H. Elam, Wichita, KS, for Fred A. Hardin.

Mark L. Bennett, Jr., Bennett & Dillon, L.L.P., Topeka, KS, Robert S. Bogason, Southern Pacific Transp. Co., Louis Warchot, Wayne M. Bolio, San Francisco, CA, for St. Louis Southwestern Ry. Co., Southern Pacific Co., Southern Pacific Transp. Co.

### MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court following the remand by the Tenth Circuit Court of Appeals. *Volkman v. United Transportation Union,* 73 F.3d 1047 (10th Cir.1996). Before the court are eight plaintiffs [1] to whom this court denied relief, but who prevailed on appeal. On remand, this court was instructed to determine what, if any, relief these eight plaintiffs (the "off-line" employees) should receive. 73 F.3d at 1056. At the request of the court, the parties submitted

---

1. The remaining members of the class have settled their claims with the defendants.

briefs addressing the issue of what, if any, seniority relief these plaintiffs should be granted. A resolution of the seniority issue is necessary before a determination can be made regarding what, if any, damages should be awarded.

The court shall not discuss the factual background of this case in any great detail. The court's previous opinion at 724 F.Supp. 1282 (1989) contains an in-depth discussion of the facts and legal issues.

The eight off-line plaintiffs presently before the court formerly worked for the Rock Island Railroad. While the other plaintiffs in this class action worked on the Rock Island's Tucumcari Line, these eight plaintiffs did not. Following the Rock Island's bankruptcy, defendant St. Louis Southwestern (SSW) acquired the Tucumcari Line. Former Rock Island employees thereafter became entitled to certain preferential hiring and other rights pursuant to a labor protective agreement entered into on March 4, 1980 (the "March 4 agreement"). This court originally ruled that the eight off-line plaintiffs were not entitled to preferential hiring under the March 4 agreement.

The Tenth Circuit held that the March 4 agreement did give the plaintiffs, as off-line Rock Island employees, priority in hiring over furloughed SSW employees for positions resulting from the acquisition of the Tucumcari Line. *Volkman v. United Transportation Union,* 73 F.3d 1047, 1052 (10th Cir.1996). It is now established that these eight plaintiffs should have been hired pursuant to the terms of the March 4 agreement.

The March 4 agreement contained the preferential hiring provisions. Once SSW determined its manpower needs due to the takeover of the Tucumcari Line, it was prohibited from recalling its furloughed employees until Rock Island employees had exhausted their opportunity to be hired. Once SSW determined its manpower needs, Rock Island employees had the first right of hire. *Volkman v. United Transportation Union,* 724 F.Supp. 1282, 1294 (D.Kan.1989). The March 4 agreement included a provision for a monthly compensation guarantee (called protective pay) to all Rock Island employees hired by SSW then furloughed. *Id.* at 1295.

This court held that the first right of hire provision of the March 4 agreement extended first to the seniority roster at the location where the additional manpower was needed and then to a dovetailed roster consisting of the rest of the seniority rosters on the Tucumcari Line in that craft (brakemen, in the present case). *Id.* at 1297; 1322–23. The Tenth Circuit disagreed, holding that "the appropriate rosters are first the roster from the Rock Island Tucumcari Line seniority district or territory where another employee is needed, and then rosters from other Rock Island seniority districts, including districts from other lines." 73 F.3d at 1051–52.

In their brief to the court, the off-line plaintiffs request an award of full carryover seniority [2] by dovetailing them into the SSW roster according to their Rock Island dates of hire. The defendants, United Transportation Union, Southern Pacific Transportation Company and St. Louis Southwestern Railway Company object to the requested seniority and argue that no preferential seniority should be awarded.

Plaintiffs note that the court ruled the March 4 agreement did not guarantee any specific type of preferential seniority, but that some type of preferential seniority was appropriate. The plaintiffs acknowledge that the court previously rejected carryover seniority. Plaintiffs argue that the defendant United Transportation Union (UTU) has taken the position, in a decision of the UTU Board of Appeals, that full carryover seniority is the type of seniority relief that should be provided in this case.

The railroad defendants object to an award of full carryover seniority to the plaintiffs. Such an award of seniority would grant the off-line plaintiffs seniority far in excess of what the court awarded to the on-line employees. The railroads argue that since the off-line plaintiffs never worked on the Tucumcari Line, they have no right to preferen-

---

**2.** Full carryover seniority allows an employee to carry over all of his seniority from the previous employer to the new employer. The eight plaintiffs presently before the court appear to have Rock Island seniority dates ranging from August 20, 1956 to April 8, 1978.

tial seniority comparable to what was awarded to the on-line employees. The railroads further argue that the UTU Board of Appeals decision upon which the plaintiffs rely is an internal union matter not binding on the railroads.

The defendant UTU objects to an award of full carryover seniority to the off-line plaintiffs. UTU argues that an award of carryover seniority would give these plaintiffs far more rights than the other members of the plaintiff class and an unfair advantage in bidding for jobs anywhere within the SSW (not just the Tucumcari Line). UTU also objects to any award of prior rights [3] to the off-line plaintiffs. The court awarded prior rights to the on-line plaintiffs. UTU notes that the on-line plaintiffs all held seniority on the Tucumcari Line prior to being hired by SSW. The eight off-line plaintiffs never held seniority on the Tucumcari Line. UTU concludes that there is no basis for an award of prior rights to employees who were not employed on the Tucumcari Line prior to its acquisition by SSW.

Plaintiffs argue that they are entitled to some form of preferential seniority. The court has already held that some type of preferential seniority is appropriate in this case. Plaintiffs note that some of the on-line plaintiffs were awarded prior rights at terminals where they held no seniority before (e.g., an employee with seniority only at Herington receiving prior rights at Dalhart or Pratt).

Plaintiffs acknowledge that they are requesting seniority different from what the court granted the on-line employees. Plaintiffs admit that they find full carryover seniority to be preferable to prior rights. Plaintiffs note that their carryover seniority would not allow them to take a position away from a prior rights holder. Plaintiffs concede that they could use their carryover seniority to bid for all non prior rights positions anywhere on the SSW's lines.

As the court indicated at a previous hearing, in the absence of legal authority, industry practice, such as the UTU's Board of

Appeals decision, would be persuasive. However, the court does have legal authority available to answer the seniority question. The court has previously considered and rejected a request for full carryover seniority. For the same reasons the court rejected full carryover seniority previously, the court rejects it now.

The court did not grant carryover seniority to any of the comparably situated class members. The court ruled that the former Rock Island employees would be granted prior rights at the SSW terminal where originally hired. 724 F.Supp. at 1335.

The March 4 agreement did not dictate the allocation of seniority. Rather, the agreement provided employment security through its guarantee of protective pay. The protective payments were the only mandatory employment security found in the March 4 agreement. *Id.* at 1327–28.

The March 4 agreement provided that "agreements would be reached" on the allocation of seniority. *Id.* at 1294. However, the agreement that was reached (the February 23, 1982 implementing agreement) provided for no preferential hiring and no carryover seniority or separate seniority systems for the former Rock Island employees. Id. at 1307. Under the implementing agreement, SSW would not hire any additional Rock Island brakemen until all its furloughed employees were first offered a job. *Id.* Essentially, the implementing agreement violated the March 4 agreement by precluding the future hiring of Rock Island brakemen until after SSW recalled all its furloughed employees who were willing to transfer to the Tucumcari Line. *Id.* at 1328.

As a remedy for the employer's breach of contract and the union's breach of its duty of fair representation, the court ordered the following relief. As to hiring, the group of similarly situated former Rock Island employees should have been hired beginning in January 1983 ahead of the transferred SSW employees. *Id.* at 1334–35. Regarding location and seniority, the court ruled that: (1)

---

3. An employee with a designation of prior rights has first preference for all jobs at the relevant location. An employee holding a prior rights position has the right to that position until death or dismissal for cause. 724 F.Supp. at 1288, 1307.

all Rock Island employees were to maintain their original SSW terminal; (2) no carryover seniority would be awarded; and (3) all brakemen would receive prior rights at their SSW terminal. *Id.* at 1335. The court found that plaintiffs had no contractual right to carryover seniority or the right to work solely out of their old Tucumcari Line terminal. Although the March 4 agreement did not require any type of seniority, the court found that a grant of prior rights to all Rock Island brakemen would be appropriate. *Id.*

Giving the eight off-line plaintiffs the requested carryover seniority would allow them to leapfrog over hundreds of other SSW employees on the roster, including most, if not all, the on-line plaintiffs. The eight plaintiffs before the court, who never worked on the Tucumcari Line prior to the Rock Island bankruptcy, should not receive better treatment than the on-line plaintiffs, but should receive comparable treatment.

After careful consideration of the arguments of the parties, the court concludes that plaintiffs' request for full carryover seniority shall be denied. However, these eight plaintiffs should have been hired pursuant to the provisions of the March 4 agreement. The eight off-line plaintiffs shall be treated in the same manner as the group of plaintiffs known as the 1983 hires. The eight off-line plaintiffs should have been hired for jobs at Dalhart and Pratt pursuant to the same standards that governed the hiring of the former Herington and Eldon on-line plaintiffs for jobs at Dalhart and Pratt. The eight off-line plaintiffs should have been hired before the recall of SSW's furloughed Pine Bluff employees to the Tucumcari Line. The eight off-line plaintiffs shall be awarded prior rights at their terminal of first hire, and they are to be covered by the protective pay provisions of the March 4 agreement.

**IT IS BY THIS COURT THEREFORE ORDERED** that plaintiffs shall be awarded seniority relief in the form of prior rights, as provided in this memorandum and order.

Counsel for the parties shall confer and report back to the court, in writing, within thirty (30) days from the date of this order, regarding the status of this case and the necessity of further briefing or hearings.